UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Gerald R. Voit, Dorine J. Voit, and Richmond Mills, Inc.,

Plaintiffs,

vs. ORDER

Purina Mills, Inc.

Defendant. Civ. No. 01-518 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of December, 2001.

* * *

On November 29, 2001, the Court heard argument on the Defendant's informal Motion to Compel, and to Amend the Pretrial Scheduling Order. At the time of the Hearing, the Plaintiffs appeared by John C. Kolb, Esq., and the Defendant appeared by Scott C. Bowman, Esq. For reasons expressed at the Hearing, and briefly reiterated below, we grant the Defendant's informal Motion to Compel, and to Amend the Pretrial Scheduling Order.

The Defendants first seek an Order compelling the Plaintiffs to produce discovery responses which were initially due on October 15, 2001. The Plaintiffs do not contest the fact that they have not timely responded to the Defendants' discovery requests, and

FILED DEC 04 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

7

they have agreed to remedy their deficiency. As such, we direct the Plaintiffs to produce appropriate discovery responses to the Defendant **by no later than December 6, 2001.** We further direct, as we explained at the Hearing, that the responses should be in the possession of the Defendant on the above date, not merely served by mail. Barring the timely production of such responses, the Defendant should immediately return to the Court for purpose of securing the production of the responses, and should also move for sanctions against the Plaintiff, in accordance with Rules 34 and 37, Federal Rules of Civil Procedure. Thus, we grant the Defendant's informal Motion to Compel.

Both parties also agree that, due to the Plaintiffs' tardiness in producing their discovery responses, an extension of the Pretrial Scheduling Order is necessary, and they suggest a sixty-day extension to all the remaining deadlines. Currently, the Pretrial Deadlines are as follows: the Plaintiff's expert disclosures were due December 1, 2001; the Defendant's expert disclosures are due January 2, 2002; discovery is set to close on January 2, 2002; non-dispositive Motions are due by February 2, 2002; dispositive Motions are due by April 2, 2002; and the case is to be "Ready for Trial" on May 2, 2002. While it is true that the Plaintiffs' failure to respond to the discovery requests has delayed the Defendant's preparation of their case, we find that only a modest

extension of the pretrial deadlines is necessary, so as to allow the Defendant to conduct adequate discovery after the discovery responses of the Plaintiffs have been received. Therefore, we modify the pretrial deadlines as follows: the Defendant's expert disclosures are due on **January 2, 2002;**[1] discovery will conclude on **February 1, 2002;** all non-dispositive Motions shall be filed and the Hearing thereon completed by **March 1, 2002;** all dispositive Motions shall be filed and any Hearing thereon completed by **June 1, 2002;** and the case shall be "Ready for Trial" on **June 1, 2002.**

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's informal Motion to Compel is GRANTED, and the Plaintiffs shall produce appropriate discovery responses to the Defendant **by no later than December 6, 2001.**

2. That the Defendant's informal Motion to Amend the Pretrial Scheduling Order is GRANTED.

3. That the Pretrial deadlines are modified as follows: the Defendant's expert disclosures are due **January 2, 2002;** discovery

[1]We have not modified the deadline for either the Plaintiffs' or the Defendant's expert disclosures, as the Plaintiffs' counsel advised, at the Hearing, that the Plaintiffs will not be employing expert opinion evidence. Moreover, as the Defendant will have the discovery responses in their possession by December 6, 2001, we do not deem an extension of its expert disclosure deadline necessary.

will conclude on **February 1, 2002**; all non-dispositive Motions shall be filed and the Hearing thereon completed by **March 1, 2002**; all dispositive Motions shall be filed and any Hearing thereon completed by **June 1, 2002**; and the case shall be "Ready for Trial" on **June 1, 2002**.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE