UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Gerald R. Voit, Dorine J. Voit,
and Richmond Mill, Inc.

Plaintiffs,

vs. ORDER

Purina Mills, Inc.,

Defendant. Civ. No. 01-518 (JRT/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of January, 2002.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Defendant's Motions for Sanctions. A Hearing on the Motion was conducted on January 8, 2002, at which time the Plaintiffs appeared by John C. Kolb, Esq., and the Defendant appeared by Scott G. Bowman, Esq. For reasons which follow, we deny the Defendant's Motion.

## II. Discussion

In an Order dated December 4, 2001, we granted the Defendant's Motion to Compel discovery responses, and we directed the Plaintiffs to produce those responses by no later than December 6, 2001,

(12)

FILED JAN 11 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

having orally announced our ruling at the time of the Hearing on the Defendant's Motion, which was conducted on November 29, 2001. As we previously ruled, the Plaintiffs did not contest the Defendant's Motion to Compel, and agreed to remedy the deficiency. At the same time, and at the Defendant's request, we extended the discovery deadline until February 1, 2002. According to the Defendant, and the Plaintiffs do not dispute the matter, the bulk of the Plaintiffs' discovery responses were received by the Defendant on December 6, as we had directed, but additional documents were produced by the Plaintiffs on December 7 and 17, 2001.

As related by the Defendant, in addition to having some untimely documents produced, the discovery that was forthcoming did not plainly show how the Plaintiffs compute their damages claim. In contrast, the Plaintiffs assert that their damage computation, and all of its component parts, have been disclosed to the Defendant, and will be corroborated by an upcoming report of the Plaintiffs' accountant. To this, the Defendant complains that the Plaintiffs have never disclosed an expert witness, under Rule 702, Federal Rules of Evidence, and that the Defendant should not be caused to await discovery responses which should have been long ago produced. As a result, the Defendant requests that we sanction the Plaintiffs by excluding their damages evidence at Trial.

Given the Record presented, and the conflicting claims of counsel for the parties, we are unable to tell what documents, which have not currently been produced, are essential to the calculation of the Plaintiffs' damages. The Plaintiffs assert that their damage claim is uncomplicated, and has been fully documented by records, long ago produced, which merely need to be tabulated into a total damage calculation. Although the Defendant disagrees, we have no means to resolve the dispute for, in practical effect, the Defendant's Motion for Sanctions is a Motion in limine -- for it seeks to exclude, at Trial, evidence which it claims has not been produced to date, but which the Plaintiffs contend has been fully disclosed. If, as the Defendant contends, the Plaintiffs' damages evidence has not been produced in a comprehensible form, then the Plaintiffs should be precluded from surprising the Defendant, at Trial, with a newly disclosed damage formulation. Nonetheless, until the discovery period expires, we are at a loss to discern what has not been disclosed on a pretrial basis. Accordingly, we deny the Defendant's Motion for Sanctions, but without prejudice to its renewal, as a Motion in limine, if such a Motion is warranted.

With respect to the Defendant's abundant concern that the Plaintiffs are seeking to circumvent a timely disclosure of their expert opinion evidence, we note the Plaintiffs' disavowal of any

Rule 702 opinion evidence. Rather, they claim that their accountant will do no more than prepare summaries, as to the Plaintiffs' damages, consistent with Rule 1006, Federal Rules of Evidence. We hold the Plaintiffs to that representation. Having failed to disclose any expert opinion evidence, which would be required under our Pretrial Schedule, the Plaintiffs have forfeited, or waived, any right to present such evidence at Trial. While the Plaintiffs suggest that the accountant will only express opinions consistent with his role as a Rule 701 "lay expert," we merely note that recent amendments to that Rule make plain the drafters' intent to preclude circumvention of the automatic disclosure requirements of Rule 26(a)(2), Federal Rules of Civil Procedure, by casting Rule 702 opinion evidence, in the garb of a Rule 701 witness. To the extent that it is necessary, the Plaintiffs are thus forewarned.[1]

---

[1]Effective as of December 1, 2000, Rule 701, Federal Rules of Evidence, provides as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, **and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.**

[Emphasis supplied].

(continued...)

Accordingly, we are without, at the present, any competent basis to grant the sanctions that the Defendant now requests and, therefore, we deny its request for sanctions, but without prejudice to its renewal.

NOW, THEREFORE, It is --

---

[1](...continued)
As the drafters of the Rule explained, in part:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. * * * By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.Crim.P. 16 by simply calling an expert witness in the guise of a layperson. See Joseph, Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure, 164 F.R.D. 97, 108 (1996)(noting that "there is no good reason to allow what is essentially surprise expert testimony." [sic] and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process) * * *.

Advisory Committee Notes to 2000 Amendments to Rule 701, Federal Rules of Evidence.

ORDERED:

That the Defendant's Motion for Sanctions [Docket No. 8] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE